Jeetendra **BHANDARI**,
Plaintiff–Appellant,

v.

**FIRST NATIONAL BANK OF COMMERCE**, Defendant–Appellee.

No. 85–3445.

United States Court of Appeals,
Fifth Circuit.

Nov. 2, 1989.

---

Mark G. Murov, Rita K. Ward, Murov & Ward, New Orleans, La., for plaintiff-appellant.

John T. Nockleby, Sr. Litigation Atty., MALDEF, E. Richard Larson, Los Angeles, Cal., for amicus curiae Mexican–American Legal Defense Fund.

Dando B. Cellini, Bennet S. Koren, Susan E. Santiago, New Orleans, La., for amicus curiae Consumer Bankers and La. Bankers, etc.

James B. Irwin, Marta Alison Richards, Montgomery, Barnett, Brown & Read, New Orleans, La., for defendant-appellee.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before CLARK, Chief Judge, GEE, REAVLEY, POLITZ, KING, JOHNSON, WILLIAMS, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, JONES, SMITH and DUHÉ,* Circuit Judges.

PER CURIAM:

In *Bhandari v. First National Bank of Commerce,* 829 F.2d 1343 (5th Cir.1987) (en banc), we held that the protections of 42 U.S.C. Section 1981 do not extend to prohibit alienage discrimination by private persons, despite the Supreme Court authority of *Runyon v. McCrary,* 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976) that those protections do extend to prohibit *racial* discrimination by such persons. On writ of certiorari, the Supreme Court has now vacated our judgment and remanded *Bhandari* to us "for further consideration in light of *Patterson v. McLean Credit Union,* 491 U.S. ——, [109 S.Ct. 2363, 105 L.Ed.2d 132] (1989)." Having done so, we conclude that *Patterson* does not bear on our earlier decision; and we therefore reinstate that decision.

In *Patterson,* so far as is material here, the Court reaffirmed its decision in *Runyon,* declining to retreat from that holding despite having requested briefing on the question whether it was correctly decided. We arrived at our earlier en banc decision of this appeal in full recognition of the authority of *Runyon,* albeit expressing reservations along the way regarding its analysis; and its reaffirmance does not alter the precedential landscape that we must take into account in any relevant way. Those who dissented from our original en banc decision, while adhering to the views they there expressed on the merits of the issues, concur with the remainder of our court that *Patterson* does not affect today's decision.[1] Our earlier mandate is therefore reinstated; it is so

ORDERED.

---

* Judge Robert M. Hill, a member of the earlier majority, passed away while petition for certiorari was pending before the Supreme Court. Judge Rubin having stood recused throughout, Judge Hill's death left the Court as constituted at the time of our earlier en banc decision evenly divided. Judges Smith and Duhe, who joined our Court since the handing down of our earlier en banc decision, have elected to participate in today's decision and join in the majority decision, agreeing with the view of the former en banc majority that 42 U.S.C. Section 1981 does not extend to prohibit private alienage discrimination and that the *Patterson* decision does not affect that view.

1. These are Judges Reavley, Politz, King, Johnson, Jerre S. Williams and W. Eugene Davis.