C. A. 5th Cir. Certiorari denied.
Justice White,
with whom Justice O’Connor joins, dissenting.
This petition presents the issue whether 42 U. S. C. §1981 (1982 ed.) prohibits alienage discrimination in the making of private *1062 contracts. When first considering this case, the Fifth Circuit in banc held that § 1981 does not have this effect. Bhandari v. First National Bank of Commerce, 829 F. 2d 1343 (1987). Petitioner sought review here. We granted the petition, vacated the Fifth Circuit’s judgment, and remanded the case so that the Court of Appeals might reconsider its holding in light of our decision in Patterson v. McLean Credit Union, 491 U. S. 164 (1989). See 492 U. S. 901 (1989). Reaffirming Runyon v. McCrary, 427 U. S. 160 (1976), we held in Patterson that § 1981 covers acts of private discrimination. On remand, the Fifth Circuit declined to alter its original holding. The in banc court reasoned that Patterson was inapposite because that case concerned private racial discrimination whereas this case involves private alienage discrimination. 887 F. 2d 609 (1989).
I would grant the petition because it is not clear to me that § 1981 should be construed to prohibit private, as well as official, discrimination on the basis of race, but to prohibit only governmental discrimination on the basis of alienage. Prior cases, see Graham v. Richardson, 403 U. S. 365, 377 (1971), and Takahashi v. Fish and Game Comm’n, 334 U. S. 410, 419 (1948), have indicated that §1981 prohibits official discrimination against aliens. In Runyon, we held that §1981 extends to private conduct, a holding reaffirmed in Patterson. Certiorari should be granted to settle whether §1981 proscribes private alienage discrimination.